## THE STATE v. FORSYTHE.

Criminal Law: ABORTION: FURNISHING WOMAN INSTRUMENT TO PRO-
DUCE.   To furnish a pregnant woman a common English catheter,
manufactured, designed and intended for the purpose of drawing
water from the male bladder, and stating to her that she could
produce an abortion by using it, and giving her directions how to
use it, is not a crime under section 1, chapter 177, Laws of 1886;
because the statute contemplates only instruments designed by the
manufacturer for the unlawful purpose, and not instruments
designed for a lawful purpose, though given, and sometimes used,
for the unlawful one.

*Appeal from Benton District Court.*—HON. L. G.
KINNE, Judge.

FILED, OCTOBER 22, 1889.

THE defendant was convicted of the crime of fur-
nishing to a pregnant woman a certain article or thing
designed and intended for procuring an abortion.   He
appeals.

*T. D. Nichols,* for appellant.

*A. J. Baker,* Attorney General, for the State.

ROTHROCK, J.—I.   The charging part of the indict-
ment is as follows: "That Frank Forsythe, at and
within said county, on or about the first day of
November, A. D. 1887, did give and furnish to one Cora
Rowan, being then and there pregnant with child, a
certain article or thing designed or intended for pro-
curing an abortion, to-wit, a tubular instrument with a
small wire inserted in it, commonly called a 'catheter,'
and did represent to said Cora Rowan that said instru-
ment would produce an abortion, and was designed and
intended for such purpose."   There was evidence in the
case to the effect that Cora Rowan was unmarried and
pregnant, and that the defendant was the father of her
unborn child.   That the defendant was not a druggist,

but was engaged in driving a street sprinkler, and that when the woman became pregnant she made the fact known to the defendant, and he gave her an English catheter, and stated to her that she could produce an abortion by using it, and gave her directions as to its use. It was not used, and the woman was afterwards delivered of a living child. The indictment was found under section 1 of chapter 177 of the Acts of the Twenty-first General Assembly, which is as follows: "Whoever sells, or offers for sale, or gives away, or has in his possession with intent to sell, loan or give away, any obscene, lewd, indecent or lascivious book, pamphlet, paper, drawing, lithograph, engraving, picture, photo-model, cast, or any instrument or article of indecent or immoral use, or any medicine, article or thing designed or intended for procuring abortion or preventing conception, or advertises the same for sale, or writes or prints any letters, circulars, hand-bill, card, book, pamphlet, advertisement, or notice of any kind, giving informa-tion, directly or indirectly, when, where, how or by what means any of the articles or things hereinbefore mentioned can be purchased or otherwise obtained or made, on conviction thereof shall be punished by a fine of not more than one thousand dollars, nor less than fifty dollars, or by imprisonment in the county jail not more than one year, or both such fine and imprisonment, at the discretion of the court." The evidence shows that the instrument furnished to the woman was a common English catheter, and that it was manufactured, designed and intended for the purpose of drawing water from the male bladder.

At the close of the evidence the defendant asked the court to direct a verdict of not guilty, upon the ground that, under the undisputed evidence, no crime was committed. It will be observed from reading the section of the statute above cited that its object and aim is in part to punish the selling or giving away of any article or thing designed or intended for procuring abortion. It is also made a crime to advertise such articles or sale. It is not pretended that, if the defend-ant had advertised English catheters for sale, he would

have been guilty of any crime. They are not "designed and intended" for procuring abortion upon pregnant females. The crime denounced by the statute is the selling or giving away of any article or instrument which is manufactured, designed or intended for the unlawful purpose. The evidence shows that an English catheter is not that description of instrument. It is designed and intended for a lawful purpose, and may be sold the same as any other articles of commerce. That the statute was not intended to apply to instruments of this character appears to us to be apparent from other provisions of the act. By section 5 it is provided that a search-warrant may issue and such articles may be seized and destroyed. It would be a most remarkable proceeding to search premises, seize and confiscate English catheters, because some ignoramus at some time conceived the idea that by their use an abortion could be produced. Upon the same ground, lead pencils, knitting needles, or any other instruments which might be used to enter the womb would be contraband, and liable to be seized and destroyed. The object of the statute appears to be to prevent the selling or giving away of articles or instruments which are manufactured and intended as efficient aids to accomplish the crime of abortion. It is true, there is evidence in the case to the effect that the defendant told the woman that the use of the instrument would produce an abortion; but he might have made the same statement of many other legitimate articles of commerce. It is correct, also, that there was testimony in the case to the effect that the instrument in question is frequently obtained and used for the purpose of procuring abortion, generally without success. The same may be said of other instruments which may be inserted in the womb. But we think the test is, was the instrument such as is designed by the manufacturer for the unlawful purpose? In our opinion, the evidence showed that the defendant was not guilty of the crime charged, and the motion should have been sustained.

REVERSED.